**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>        Plaintiff,<br><br>   vs.<br><br>**CHRISTINE L REESE**<br><br>        Defendant. | **CASE NUMBER: 2:23CR88-001**<br>**USM Number: 74481-510**<br><br><br>**JEFFREY URDANGEN,**<br>**ANDREW D. PATTON**<br><br>**DEFENDANT'S ATTORNEYS** |

**JUDGMENT IN A CRIMINAL CASE**

**THE DEFENDANT** pleaded guilty to count(s) 1 and 3 of the Indictment on April 2, 2025.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Title, Section & Nature of Offense | Date Offense Ended | Count Number(s) |
|---|---|---|
| 18:1347 MEDICAID HEALTH CARE FRAUD and FORFEITURE ALLEGATIONS | January 2023 | 1 |
| 18:1028A(a)(1) AGGRAVATED IDENTITY THEFT | November 2021 | 3 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Count 2 of the Indictment is DISMISSED on the motion of the United States.

**IT IS ORDERED** that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in economic circumstances.

January 8, 2026
Date of Imposition of Judgment

s/ Philip P. Simon
Signature of Judge

Philip P. Simon, United States District Judge
Name and Title of Judge

January 15, 2026
Date

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **60 months on Count 1 and 24 months on Count 3 with Count 3 (24 months) being served consecutively to Count 1.**

The Court makes the following recommendations to the Bureau of Prisons:

> That the defendant be incarcerated in the federal facility located at Danbury, CT.
>
> That the defendant be given credit for time served.
>
> That the defendant be permitted to participate in the FIT Program.
>
> That the defendant receive extensive and aggressive mental health treatment while Incarcerated.

The defendant is REMANDED to the custody of the United States Marshal.

# RETURN

I have executed this judgment as follows:

Defendant delivered _____ to _____ at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By: _____
DEPUTY UNITED STATES MARSHAL

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **1 YEAR ON EACH COUNT, to be served concurrently with each other.**

Within 72 hours of the judgment or after the defendant's release from the custody of the Bureau of Prisons, defendant shall report in person to the nearest United States Probation Office for this district between the hours of 8:00 a.m. and 4:30 p.m. While the defendant is on supervision pursuant to this judgment, the defendant shall comply with the following conditions:

## MANDATORY CONDITIONS OF SUPERVISION

1. Defendant shall not commit another federal, state or local crime.

2. Defendant shall not unlawfully use, possess, or distribute a controlled substance.

3. The mandatory drug testing condition is suspended, based on the Court's determination that the defendant poses a low risk of future substance abuse.

4. Defendant shall cooperate in the collection of DNA as directed by the probation officer.

## DISCRETIONARY CONDITIONS OF SUPERVISION

While on supervision, the defendant shall comply with the following discretionary conditions:

1. The defendant shall not knowingly leave the federal judicial district without the permission of the court or probation officer. The probation office will provide a map or verbally describe the boundaries of the federal judicial district at the start of supervision.

2. The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons. Thereafter, the defendant shall report to the probation officer in the manner and as frequently as reasonably directed by the court or probation officer during normal business hours.

3. The defendant shall not knowingly answer falsely any inquiries by the probation officer. However, the defendant may refuse to answer any question if the defendant believes that a truthful answer may incriminate her.

4. The defendant shall follow the instructions of the probation officer as they relate to the conditions as imposed by the court. The defendant may petition the Court to seek relief or clarification regarding a condition if she believes it is unreasonable.

5. The defendant shall make reasonable effort to obtain and maintain employment at a lawful occupation unless she is excused by the probation officer for schooling, training, or other acceptable reasons such as childcare, elder care, disability, age or serious health condition.

6. The defendant shall notify the probation officer at least ten days prior to any change in residence or any time the defendant leaves a job or accepts a job. In the event that a defendant is involuntarily terminated from employment or evicted from a residence, the offender must notify the Probation Officer within forty-eight (48) hours.

7. The defendant shall not knowingly and intentionally be in the presence of anyone who is illegally selling, using or distributing a controlled substance and if such activity commences when she is present, the defendant must immediately leave the location.

8. The defendant shall not meet, communicate, or otherwise interact with a person whom she knows to be engaged or planning to be engaged in criminal activity.

9. The defendant shall permit a probation officer to visit her at any time at home or any other reasonable location between the hours of 8:00 a.m. and 10:00 p.m. and shall permit confiscation of any contraband observed in plain view by the probation officer.

10. The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

11. The defendant shall not enter into any agreement to act as an informant for a law enforcement agency without the permission of the court.

12. The defendant shall notify the probation officer within 72 hours of any material change in her economic circumstances that might affect her ability to pay any unpaid amount of restitution and fines. Additionally, the defendant shall provide a probation officer with specific financial information regarding the defendant's ability to pay restitution, forfeiture, or a fine, upon a written or oral request by a probation officer, made to and approved by the Court. The request must be prompted by the defendant's failure to comply with a payment schedule ordered for a period of 60 consecutive days, and the request must describe the specific financial information needed for determining the defendant's current ability to pay.

13. The defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapon.

14. The defendant shall participate in a mental health program approved by the United States Probation Office, if necessary after evaluation at the time of release. The defendant shall pay all or part of the costs for participation in the ordered program not to exceed her ability to pay for it. Failure to pay due to financial inability to pay shall not be grounds for revocation.

15. The defendant shall be prohibited from incurring new credit charges or opening additional lines of credit without approval of the probation officer unless the defendant is in compliance with the installment payment schedule imposed for payment of restitution and/or a fine.

16. The defendant shall commence restitution payments in the manner and schedule as determined by the Court. The imposed payment schedule will remain in effect until such time as the defendant, victim, or government notifies the Court that there has been a material change in the defendant's ability to pay. Restitution shall be paid at a minimum rate of $100 per month commencing one month after placement on supervision until said amount is paid in full.

Based on a thorough review of the defendant's financial condition as detailed in the presentence report, the Court finds that the defendant does not have the ability to pay a fine. The Court will waive the fine in this case.

The defendant shall pay to the United States a total special assessment of $200.00, which shall be due immediately. (18 U.S.C. §§ 3013.)

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $200 | NONE | $268,746.37 |

The defendant shall make the special assessment payment payable to Clerk, U.S. District Court, 5400 Federal Plaza, Suite 2300, Hammond, IN 46320. The special assessment payment shall be due immediately.

## FINE

No fine imposed.

## RESTITUTION

Restitution in the total amount of $268,746.37 is hereby imposed.

The defendant shall make restitution payments (including community restitution, if applicable) payable to Clerk, U.S. District Court, 5400 Federal Plaza, Suite 2300, Hammond, IN 46320, for the following payees in the amounts listed below.

Case Number: 2:23CR88-001
Defendant: CHRISTINE L REESE                                                         Page 6 of 7

## RESTITUTION    (Total is $268,746.37)

### Medicaid

Indiana Medicaid              $36,659.95

### Medicare Advantage Plans

| | |
|---|---|
| Aetna | $56,083.94 |
| Humana | $8.071.93 |
| Optum | $13,074.70 |
| Longevity | $22.28 |
| HCSC | $1,478.11 |
| Cigna | $960.52 |
| Centene | $2,041.80 |

### Other Health Care Companies

| | |
|---|---|
| Mid America Mental Health, LLC | $24,192.05 |
| New Choice Intervention, Inc. | $4,101.84 |
| ComPsych | $13,137 |
| UMR | $76,361.21 |
| United Healthcare | $19,564.13 |
| Cigna | $6,042.57 |
| Blue Cross | $4,985.60 |
| Empire Blue | $1,659.97 |
| Meridian Healthplan | $210.18 |
| Anthem Blue | $98.59 |

Case Number: 2:23CR88-001  
Defendant: CHRISTINE L REESE                                                                 Page 7 of 7

Name: <u>CHRISTINE L REESE</u>  
Docket No.: <u>2:23CR88-001</u>

# ACKNOWLEDGMENT OF SUPERVISION CONDITIONS

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

I have reviewed the Judgment and Commitment Order in my case and the supervision conditions therein. These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed)

_____     _____  
Defendant                                                         Date

_____     _____  
U.S. Probation Officer/Designated Witness        Date